# Chittenden County.

Pierson
vs.
Hovey, &c.,

## MOSES PIERSON

*vs.*

### HOVEY & HIBBARD.

On a prison bond.

This was an action on Sheriff's bond for liberty of the prison, and assigned to the plaintiff, the creditor,

Plea duress, and issue to the Jury.

Plea, duress of imprisonment and traverse.

The substance of the evidence was, that the plaintiff

Substance of the evidence.

had recovered a judgment against Hovey, for 17s.; took out execution, and delivered it to Grant, constable of Charlotte, who took Hovey's cattle, posted and delivered them on receipt to W. and Strong, who left them in Hovey's custody. The cattle was not brought to the post, but were eloigned by Hovey. The plaintiff had the execution returned, without being satisfied, and took an *alias*, which he delivered to Rich, then constable of Charlotte. Rich made demand of Hovey, who refused to turn out any property, whereupon Rich took Hovey's body, and committed him to gaol in Rutland, according to the precept of the writ, on which this bond was given, etc.

It was insisted by the defendant's counsel, that this imprisonment was illegal. That property having been once taken in execution, that execution was, as to Hovey, discharged.

In this case, the Chief Justice gave the following in charge to the Jury:

The property was not, in fact, taken out of Hovey's custody, but was left in his hands (although receipted by third persons), and was by him eloigned. Had the

property in fact remained in the hands of the officer, it might have had a different consideration. Had the preperty proved insufficient, a second levy might have been made, either with the same execution or an alias. I do not apprehend, if an officer take property on an execution, which proves insufficient, or the property of another, he is precluded to levy on the body, or, by direction of the creditor, on land, for the remainder.

*Pierson vs. Hovey, &c.*

When property taken on execution proves insufficient, a second levy may be made.

The officer is not precluded by an insufficient levy.

" On a *Capias ad satisfaciendum*, in case an escape, or rescue, be returned, a new capias may be taken out," for, says the book, " an insufficient return of an execution is as none."

Bac. Abr.

The officer had taken the cattle, so far as to have a lien upon them, for satisfaction of the execution. On receipt, I do not consider that the officer wholly departs with that lien, and trusts to the receipt only. The property is delivered out of his actual custody, for the convenience of the defendant. The officer, is, therefore, less secure of the property; but his lien still continues. He may take it without the leave of the person receipting. As the property is out of the actual custody of the officer, to eloign it, would not, in strictness, be a rescue ; but to some purposes, as in the present case, might have the same effect—to render the execution ineffectual.

Officer's right to property receipted on an execution.

To eloign property receipted is no rescue, but to some purposes has the same effect. It renders the execution ineffectual.

The Jury found a verdict for the plaintiffs, which was approved by the other Judges, Knight and Paine.