4 U.S. 213
 4 Dall. 213
 1 L.Ed. 805
 Chancellor
v.
Phillips et al.
 Supreme Court of Pennsylvania.
 September Term, 1800
 
 1
 THE following case was submitted for the opinion of the Court:
 
 
 2
 On the 2d of June 1798, a levy was made by the sheriff on a kiln of unburnt bricks, and other property, by virtue of a fi. fa. for a debt of 149l. 15s. with interest and costs. The bricks were suffered to remain in this state till the 14th of April 1799, when, on advertising them for sale, it was found that one of the defendants had sold them to Thomas Harrison, on the 1st of December 1798, without giving any notice of the levy. The sheriff at the time of the levy, employed a man to call at the brick-yard, occasionally, but did not keep any person constantly there; nor does it appear that T. Harrison had any notice of the bricks being subject to the above execution, until about the time of advertising them for sale.
 
 
 3
 The question proposed was, whether Harrison was entitled, under the circumstances of this case, to hold the bricks discharged altogether from the lien of the plaintiff's execution; or must account to the sheriff for the amount of the execution, not exceeding the value of the bricks? SMITH, Justice.
 
 
 4
 It is useless to cite English authorities in this case; for, it has been repeatedly decided in our courts, that the law is not the same in Pennsylvania.
 
 
 5
 SHIPPEN, Chief Justice.
 
 
 6
 There is, however, an obvious and material distinction between a levy on household furniture, and on merchandize, or goods for sale. In the former case, the Court has never allowed the plaintiff to lose the lien of a prior execution levied, because on principles of humanity he allowed the furniture to remain on the premises, in the possession of the defendant. But it would be going farther than the reason of our decisions, and might introduce collusion and fraud, if we were to authorise, or countenance, such a practice, indiscriminately, in every case.
 
 By the COURT:
 
 7
 We are of opinion, therefore, that the purchaser of the bricks is entitled to hold them, entirely discharged from the lien of the execution.[1]
 
 
 8
 Morgan, for the plaintiff.
 
 
 9
 Hallowell, for Harrison.
 
 
 
 [1]
 The manuscript of this note, was read on a recent trial, involving the same question; and the Judges intimated a doubt of its accuracy. I find, however, that a difference between the law in England and in Pennsylvania upon this subject, has been repeatedly stated by the Judges of the Supreme Court, Levy v. Wallis. Waters v. M'Lellan, though the rule has been adjudged to be the same, in both countries, by the Circuit Court of the United States, upon full argument and deliberation. See the United States v. Cunningham et al. post.