Parker, C. J.,
delivered the opinion ol the Court. *283 The issue on trial was, whether the property in the horse was in the plaintiff, at the time of the taking. The defendant, having the special property by force of the attachment, had a right to disprove the property of the plaintiff by any lawful evidence.
At the time the attachment was made, the creditor who ordered it had a debt due which entitled him to contest the validity of the sale to the plaintiff; and he had no means of compelling his debtor to file his account in offset, instead of resorting to his cr. ss action. The issue of that suit, in consequence of the account filed, cannot affect the right of the defendant to take the horse ; and the merits of the case are to be tried as they were when the act, which is complained of, was done.
It is said that, the transfer being valid between the parties, although made to defraud creditors, the plaintiff ought now to be in possession of the horse ; at least until an actual creditor shall vacate the sale.
But the sale was not valid against Jewell, who ordered the attachment ; for he was then a creditor; and it is only by subsequent proceedings, not within his control, that he has ceased to be so. If by those proceedings the plaintiff’s title has revived, he may main tain his property, by making demand upon the defendant for the horse ; and if the latter fail to deliver it, he will be answerable in damages; for he cannot defend the possession, after the termination of the suit upon which the attachment was made, having no execution to levy upon the property.
We think the evidence was rightly admitted, and that judgment ought to be rendered upon the verdict. Such judgment will only prove that the property was not in the plaintiff at the time of the taking, (a) Judgment on the verdict.

 Vide Damon vs. Bryant, 2 Pick. 411.— Wheeler vs. Train, 4 Pick. 168