## SARJEANT *against* BLUNT.

<div class="margin-note">
When goods are deposited with a person, to be sold at not less than a certain fixed price, and the depositary sells the property at less than that sum, the owner cannot maintain trover against him, but the proper remedy is a special action on the case.
</div>

THIS was an action of trover.    The cause was tried before Mr. J. *Yates*, at the *New-York* sittings, in *April*, 1818.

The plaintiff deposited a *chronometer* with the defendant, to be sold by him, at not less that *five* hundred dollars, the defendant to retain all that he could procure beyond that sum.    The defendant sold the chronometer for *three* hundred dollars, without the knowledge of the plaintiff.    After the sale, the plaintiff demanded it of the defendant, who refused to deliver it.    A verdict, subject to the opinion of the Court, was taken for the plaintiff, for 500 dollars, with interest; and it was agreed that if the Court should be of opinion that the action would not lie, judgment of nonsuit should be entered.

*Hoffman*, for the plaintiff.    On principle, there is no objection to this action, under the circumstances of the case.

In *La Place* v. *Aupoix*, (1 *Johns. Cas.* 406.) which was an action of trover, the Court decided, that where goods were delivered to a person to sell, and on demand of payment and satisfaction, the defendant said they were lost, this

was sufficient evidence of a conversion to support the action. (1 *Esp. N. P. Rep.* 31.) In *Murray* v. *Burling,* (10 *Johns. Rep.* 194.) the Court recognized the principle, that any unauthorized disposition of the property of another is a conversion. If a man hires a horse to go a certain distance, and he goes beyond that distance, he is liable in *trover,* for an unlawful conversion of the horse. (*Wheelock* v. *Wheelwright,* 5 *Mass. Rep.* 104.) In the case of *Dufresne* v. *Hutchinson,* (3 *Taunt.* 117.) which may be cited on the other side, *Lawrence,* J. puts the cause on the true ground. In regard to the facts of the case, the opinion of *Mansfield,* Ch. J. may be regarded as an *obiter dictum.* In *Bromley* v. *Coxwell,* (2 *Bos.* and *Pull.* 438.) there was no breach of trust. There was no violation of duty on the part of the defendant. The principle of that case is rather in favour of the plaintiff. (*Syeds* v. *Hay,* 4 *Term Rep.* 260. *Youl* v. *Harbottle, Peake's N. P. Cases,* 49.) In *Nicoll* v. *Glennie and others,* (1 *Maule & Selw. Rep.* 588.) it was held, that a broker who pledged goods consigned to him from abroad, without any authority, was guilty of a tortious conversion.

There is no reasonable objection to this form of action; it is convenient, and throws the burthen of proof where it ought to lie, on the defendant, to show what has been done with the goods entrusted to him.

*H. Sedgwick,* contra, said, that no adjudication could be found of an action of *trover* being held to lie in such a case as the present. The defendant was a factor, authorized to sell the article; and, in pursuance of that authority, had sold it. He has not been guilty of any tortious conversion of the property. One inconvenience that would result from this form of action is, that it would deprive the defendant of his right of set-off, if he has any.

SPENCER, J. delivered the opinion of the Court. The case of *Syeds* v. *Hay,* (4 *Term Rep.* 260.) goes farther to sanction this action than any other. There the owner of goods on board a vessel directed the captain not to land them on a particular wharf, against which the vessel was moored, which he promised not to do; but did so, and deli-

vered them to the wharfinger for the plaintiff's use, suppo-
sing the wharfinger had a *lien* on them for wharfage.

It was held, that the owner, after demand, and refusal of
the goods by the captain, might maintain trover against him,
unless he could show the wharfinger's right to wharfage.
*Buller*, J. said, if a person take my horse to ride, and leave
him at an inn, that is a conversion; for it brings a charge
on me. So, if one man entrusted with the goods of another
puts them into the hands of a third person, contrary to
orders, that is a conversion. The case is a very familiar
one, that trover will lie when a horse has been let to ride a
fixed distance, and the bailee goes beyond the distance.

These principles do not bear directly on this case. In
the case of *Syeds* v. *Hay*, the captain disobeyed his orders,
in delivering the goods. He had no right to touch them,
for the purpose of delivering them on that wharf. So, in
the case of the horse left at the inn, the contract, either ex-
press or implied, was, that he was to be returned to the
owner; instead of which he was left at an inn, from which
he could not be obtained without a charge: It was dispos-
sessing the plaintiff of his horse; and where a horse is rid
beyond the distance for which he is expressly hired to go,
it is an assumption of a right to use the horse contrary to
the owner's permission.

The case of *Dufresne* v. *Hutchinson*, (3 *Taunt.* 117.) is
more in point; and I understand that case to recognize the
principle, that when the plaintiff had given an authority to
sell, though the articles were sold for a less sum than au-
thorized, trover will not lie.

In the case of *Cairns & Lord* v. *Bleecker*, (12 *Johns.
Rep.* 304.) though we do not expressly recognize the prin-
ciple adopted in *Dufresne* v. *Hutchinson*, it is pretty evident
that we are inclined to think it right. If every departure
from instructions is to expose a party to an action of trover,
I should consider it as introducing a new rule, which might
operate injuriously; there is no need of this refinement.
An action on the case is well calculated to redress any in-
jury arising from a breach of instructions. In this case,
the defendant was authorized to sell the chronometer for a
particular price. The complaint is not, that he sold, but that

he sold it for a less sum, and thus violated his orders.  The <span>ALBANY, January, 1819.</span>
selling was not a conversion ; but selling for a less price
was a breach of duty.  If the plaintiff's doctrine be right, <span>AIKIN<br>v.<br>DUNLAP.</span>
then I do not see why he could not maintain trover against
the purchaser ; for if the act was tortious, no property was
acquired ; and to maintain trover the act must be tortious.
(2 *Bos. & Pull.* 439.)   The sale was not a tortious act.

<p style="text-align:center">Judgment of nonsuit.</p>