# COUNTY OF FRANKLIN.

### IRA H. PLAISTED *versus* JOSEPH HOAR.

The claim of an officer to personal property seized on execution, is extinguished, by his neglect to advertise and sell it, within the time prescribed by statute.

Where an officer takes an accountable receipt for property seized on execution, containing a promise to keep the same beyond the time fixed by law for the sale of it, without the authority of the creditor, and in consideration of the surrender of it, the act of the officer is unlawful and the contract of the receipter cannot be enforced.

The obligation of a receipter to an officer, for the safe keeping and return of property attached, is only an indemnity to the officer, and his release from liability will be, also, a discharge of the liability of the receipter.

ASSUMPSIT, upon a writing signed by the defendant, dated May 31, 1851, of the following effect:—"Received of Ira H. Plaisted, Deputy Sheriff, for safe keeping, [certain goods and chattels, specified,] which property the said officer has taken by virtue of an execution against John Hoar in favor of Joel Wright, and, in consideration thereof and of one dollar, paid, &c., I hereby promise safely to keep said property three months, and, at the expiration of said time, to re-deliver the same to said officer or his order, or his successor in office, on demand, to be delivered at, &c. ; and, if no demand be made, I will, within three months from date, re-deliver the said property, that the same may be taken on execution, or pay the said execution and all costs."

The writ is dated April 24, 1857. The defendant pleaded the general issue, and, by *brief statement*, alleged as special matter of defence,—that, if the plaintiff had lawfully seized the said property on said execution, as the property of said John Hoar, he could not lawfully deliver the same to the defendant, as bailee, to be kept for the space of three months, but was by law required to advertise and make public sale

thereof within fourteen days after the day of seizure; that the plaintiff had no legal right to take any such receipt or writing as is set forth in his writ and declaration, and that such writing was unauthorized by law, is illegal and void.

At the trial, before TENNEY, C. J., the plaintiff, without objection, read in evidence the contract declared on. It was admitted, that the plaintiff was, as he alleges, a deputy sheriff; that there was such a judgment and execution, and that the execution was in his hands for collection and service. It was also admitted, that this action was brought and is prosecuted by the creditor in said execution, which still remains wholly unsatisfied.

The plaintiff offered evidence to prove that he took the property described in said contract, by virtue of said execution, as in his writ and declaration is alleged, and that the contract of defendant was made and signed by him at the request of the execution debtor. That the execution creditor, on the next day, assented thereto and ratified the doings of the plaintiff. That the plaintiff duly demanded of defendant the property, on the third day of September, 1851, and that defendant refused then, and has ever since neglected to deliver to plaintiff any part thereof. The defendant objected to the evidence, and it was excluded, the presiding Judge ruling that the facts offered to be proved, with the other evidence in the case, would be insufficient to entitle the plaintiff to recover, and directed a *nonsuit.*

The case is presented to the full Court on EXCEPTIONS taken to the ruling of the presiding Judge.

*Abbott,* in support of the exceptions, argued :—

That there was no illegality in the transaction. The plaintiff seized the property as an officer. He had the power to advertise and sell it. It was his duty to do so, unless the execution should be paid or some other arrangement made acceptable to the creditor and debtor. There is no law prohibiting such an arrangement as was made. It often is for the interest of both parties so to arrange. An officer may

well act as the agent of the parties in settling an execution; it is often done, and the interests of both parties are promoted by his doing so.

The case of *Bird* v. *Smith*, 34 Maine, 63, in principle, in no respect differs from the case at bar.

The officer seized the property at Dallas Plantation, a long distance from the residence of the creditor. The debtor desired delay. He requested to have that done which was done. The defendant, the debtor's brother, joined in the request, received the property and one dollar from plaintiff, and in consideration thereof, executed the contract. They are all presumed to know the law, to know that the officer could not be required to grant the desired indulgence; and that he could not, against the assent of the parties, delay the sale of the property longer than the statute authorized. They perfectly understood that, in granting the delay and taking the defendant's contract, he was acting as the agent of the parties. What was done by plaintiff was done at the request of the debtor and of the defendant, and they cannot object; and the subsequent ratification of the creditor is tantamount to previous authority.

The error in the defence consists in not discriminating between an act done in violation of law, and an omission by the consent of all parties interested, to resort to the utmost severity of the law, and thereby effecting a fair and satisfactory adjustment with the consent of all.

*S. H. Lowell, contra.*

The seizure of the goods, on execution, gave the plaintiff only a special property therein, the right to retain them for the purpose of sale on the execution, as provided in R. S. of 1841, c. 117, § 4; *Nichols* v. *Valentine & al.*, 36 Maine, 322.

Neglecting to proceed in the sale of them as the law provides, he acquired no rights against this defendant. *Ross* v. *Philbrick*, 39 Maine, 29.

The receipt given by defendant being unauthorized by law, and against the policy of the law, is wholly void, and no ac-

tion can be maintained upon it. *Ellsworth* v. *Mitchell*, 31 Maine, 247; *Buxton* v. *Hamlin*, 32 Maine, 448; *Low* v. *Hutchinson*, 37 Maine, 196.

The law will not enforce a contract made in violation of the statute, the object and effect of which are to induce the plaintiff to neglect his duty as an officer.

The plaintiff has no equitable claim on defendant, not having paid said execution, or any part of it to the creditor therein, nor rendered himself liable to do so.

The liability of the receipter is limited by that of the officer. *Fisher* v. *Bartlett & al.*, 8 Maine, 122; *Sawyer* v. *Mason*, 19 Maine, 49.

The ratification of the officer's doings by the execution creditor, discharges the officer from all liability to him. The officer is also protected by the statute limitation of four years. R. S. of 1841, c. 146, § 2.

Nor is he liable to the debtor, for the property was not taken from his possession.

The officer can, therefore, maintain no action on the contract.

The fact that the action is prosecuted by the execution creditor, is immaterial. That cannot change the rights of the parties to the instrument. Their rights and disabilities remain the same.

The opinion of the Court was drawn up by

TENNEY, C. J. — The plaintiff, having in his hands, as a deputy sheriff, an execution in favor of Joel Wright against John Hoar, dated April 9, 1851, seized thereon certain personal property, and, instead of advertising and selling the same according to law, delivered it to the defendant, taking therefor his receipt, dated May 31, 1851, which is the contract declared on in this suit. In the receipt, the defendant promised that he would safely keep the property three months, and, at the expiration of that time, deliver the same to the plaintiff or to his successor in office, on demand, free from

expense to the plaintiff or the creditor; and it was agreed therein by the defendant that a demand on him should be binding; and, if no demand should be made within three months from the date of the receipt, he would re-deliver the property, that the same might be taken on execution; or that he would pay the execution and all costs.

The plaintiff offered to prove, but was not allowed to do so, that the receipt was given at the request of the debtor in the execution, and that the plaintiff, the debtor and the defendant were present together when the receipt was made, and the said request was well known to the defendant; and that, soon afterwards, on June 1, 1851, the creditor assented to and ratified the doings of the plaintiff, who duly demanded the property on Sept. 3, 1851, of the defendant, who declined to deliver it.

It is well settled, that when an officer has attached personal property on mesne process, unless the execution obtained upon the judgment, in the same action, is put into his hands within thirty days after the rendition of the judgment, or unless a demand is made upon him to deliver the property attached, by another officer, having the execution, within that time, he is discharged of his liability created by the attachment. This is upon the ground that the attachment is vacated within that time, without the officer's fault.

If the officer takes an accountable receipt for personal property so attached, the receipter will be released, by the discharge of the officer; for the officer can have no interest whatever in the goods, excepting by virtue of the attachment. But, if the officer's liability is fixed, by placing the execution in his hands within thirty days after the judgment, or by a demand upon him, before the expiration of the attachment, and he has duly demanded the property of the receipter, within the same time, so that the latter is liable to the officer, the creditor may, by an arrangement between himself and the officer, enforce the contract in the receipt in the name of the officer.

By R. S. of 1841, c. 117, § 4, goods and chattels taken on execution shall be kept by the officer, for the space of four days, at least, next after the day on which they were taken, exclusive of Sunday, and they shall be sold within fourteen days next after the day of seizure, except as is provided in the same chapter; and the exceptions are not applicable in the present case.

The title of the owner of personal property seized on execution is not divested till the same is sold. He holds it, as before the seizure, subject only to the claim of the officer, by virtue of the seizure. The officer's claim is extinguished at the expiration of the fourteen days, unless the case falls within the exceptions referred to. A voluntary surrender of the property by the officer, so that his interest therein under the seizure is lost, operates as a restoration of all right in the same to the owner, or to whomsoever he may have transferred the title. And, if the officer takes an accountable receipt for the same, at the time of the surrender, containing a promise to keep the property beyond the term of fourteen days from the day the seizure was made, without the authority of the creditor, and in consideration of the surrender, the act of the officer is unlawful, and the contract of the receipter cannot be enforced. If the officer gives up the property absolutely, in the manner supposed, by the consent of the creditor, the latter thereby consents that the claim of the officer shall be relinquished, and the officer's liability is annulled. The receipter's obligation, being only an indemnity to the officer, is discharged when the officer is released.

This suit having been brought and prosecuted by Wright, the creditor in the execution, by his attorney, can give the nominal plaintiff, if he be such only, no greater rights than he could otherwise have. He is the party to the contract as well as to the action, and he can confer no greater rights to an assignee in equity than he possessed himself.

The case of *Bird* v. *Smith*, 34 Maine, 63, is not analogous to the one before us. The officer having the execution dis-

charged it, on receiving the check of the debtor. In this case, it is agreed that the execution was not discharged.

*Exceptions overruled.*

HATHAWAY, CUTTING, MAY, GOODENOW, and DAVIS, J. J., concurred.