### HOLT v. BURBANK, & A.

Trover may be maintained by an officer against a receipter for goods attached in mesne process, where the receipter received them upon giving the officer a written undertaking "to deliver the same or the value thereof on demand," if upon demand by the officer the goods are not delivered, nor the value thereof paid.

TROVER for goods attached by the plaintiff as a deputy of the sheriff on sundry writs of mesne process against Robert W. Pratt. The goods were delivered by the plaintiff to the defendants on their giving him a writing acknowledging the receipt of the goods, stating that they were attached in those suits as the property of Pratt and containing the following stipulation: "And we hereby promise and agree to deliver the

same, or their value, to said Holt, or order, on demand in good order and condition as the same now are in, free from all charge and expense to said Holt." The goods were valued in the receipt at $1000.

The goods were duly demanded by the plaintiff while he had in his hands an execution issued on a judgment recovered against Pratt by one of the attaching creditors, and were not delivered nor their value paid. Before the demand a part of the goods had gone into the hands of Pratt with the consent of the defendants.

The defendants contended that trover could not be maintained and moved for a non-suit; the court overruled the motion and the defendants excepted. The jury returned a verdict for the plaintiff, which the defendants moved to set aside.

*Lane*, for the defendants.

Trover will not lie in this case:

1. Because the contract between the parties was special and alternative, to deliver the property, or value thereof to the plaintiff, on demand, in good order and condition, as the same now are, free from all charge and expense to him; the action should have been special on the contract itself. *Perry* v. *Barter*, 2 East. 2; 1 Chitt. Pl. 308, 334; *Mitchell* v. *Gile*, 12 N. H. 392; *Keyes* v. *Dearborn*, 12 N. H. 52; *Badger* v. *Burleigh*, 13 N. H. 507.

By the terms of the contract it was optional with the defendants to dispose of the property and pay its value to the plaintiff, (2 Parsons' Con. 163; 1 Chitt. Pl. 308, 334; *Perry* v. *Porter*, 2 East. 2) rather than keep it at a large expense to themselves, a very important stipulation in a receipt of this kind for live stock, as was the case here, and one to whose benefits the defendants are fully entitled.

2. The defendants having a right to dispose of the property, the conversion was not wrongful, nor was the plaintiff entitled to the possession of it; and for these reasons also, trover cannot be maintained. *Bissell* v. *Huntington*, 2 N. H. 142; *Edgerly* v. *Emerson*, 23 N. H. 573; 2 Greenl. Ev. sec. 636.

*Wheeler & Faulkner*, for the plaintiff.

PERLEY, C. J. The officer who attaches goods in mesne process, has only a special property in them; and this special property depends on his liability to answer for the goods to the attaching creditor or to the debtor; when his liability is discharged his special property ceases.

If the officer delivers the goods to another to be kept for him as his bailee, the bailee without any special contract is bound to deliver the goods to the officer on demand, unless at the time of the demand the officer's liability for the goods has been discharged; but if his liability has been discharged the bailee will be accountable for the goods to some other party, and is not bound to deliver them to the officer, nor to account for them to him in any other way.

If the officer's liability for the goods continues and the bailee refuses

to deliver them on demand, or has converted them before demand, he is liable to the officer in assumpsit on his implied undertaking to keep the goods for the bailor and deliver them on demand, or in trover for the conversion. And the measure of damages will be the same in both forms of action; that is to say, the value of the goods. No special contract not under seal can be made which will extend the reception liability beyond an indemnity to the officer; for the officer's special property depends upon his liability over. In this case the undertaking of the receipters was absolute in form to deliver on demand or pay the value; but if the defendant in those suits had obtained judgment against the attaching creditor, and had received back the goods from the receipters in discharge of his claim for them, the officer's liability for them would have been discharged, his special property would be gone, and he could maintain no claim against the receipters in any form of action on their contract.

The form of this written receipt expressed substantially the nature and extent of the receipters' liability as simple bailees of the goods; and the express undertaking to deliver on demand or pay the value added nothing to the extent of their liability implied in law from the bailment. Without any express undertaking they would be bound to deliver on demand, and if they did not, to pay the value of the goods in damages. If the express undertaking to pay the value could be construed to mean more than that, it would be without consideration, because it would be more than the legal indemnification of the officer. The objection of the defendants, therefore, is not to the substance of the plaintiff's claim, but to the form in which he makes it. They have neither delivered the goods nor paid their value. In trover the measure of damages is the value of the goods converted; and in assumpsit for a breach of the contract to deliver on demand, or to pay the value, the rule of damages would be the same.

Assuming that the defendants are right in their position that here was an alternative undertaking, and that they could discharge themselves either by delivering the goods or paying their value on demand, they did neither. They were to pay on demand, or to deliver on demand. Until they paid their value the property of the plaintiff in the goods would remain; and if the defendants retained them after demand without payment, that would clearly be a conversion. On a contract to sell goods for a stipulated price, unless there is an agreement to give time, the price must be paid on delivery; and unless the seller waives his right to insist on payment, the property in the goods does not pass till they are paid for. If the officer had been the absolute owner of these goods, and the defendants had received them on an agreement to deliver on demand or pay the price, there can be no doubt that if they retained them after demand without paying the price, it would be a conversion. I do not see that the defendants derive any aid from their position that this was an alternative agreement; that they were at liberty to make their election whether they would deliver the goods on demand or pay their value. If they meant to pay, they should have paid when the goods were demanded; they neither delivered the goods nor paid for

them, but detained them; and as the goods still remained the property of the plaintiff this detention was an invasion of the plaintiff's right of property and a conversion.

Several authorities have been cited to a very familiar rule of pleading that in declaring on a special contract it is necessary to set it out correctly in its terms or according to their legal effect. But in trover the declaration is not on any contract, nor in that form of action is it necessary to set out the contract, under which the plaintiff's title to the property and his right to the action may have been derived.

In this State, receipts substantially in the form adopted in this case appear to have been long in use, and trover and assumpsit have been maintained indifferently upon them in our practice. *Odiorne* v. *Colley*, 2 N. H. 66; *Scott* v. *Whittemore*, 27 N. H. 309; *Wait* v. *Thompson*, 43 N. H. 161. In *Wait* v. *Thompson*, the action was trover, and the receipt was, as in this case, for the delivery of the goods or payment of the value, and there was judgment for the plaintiff. No objection was made in that case to the form of the action, and the point here raised does not appear to have been considered by the court. But the fact that this objection, which appeared on the face of that case, and must have arisen in many others, is now urged for the first time, has a strong tendency to show that in the general opinion of the profession it could not be maintained.

In Vermont there have been several decisions that trover is the proper remedy for goods delivered by an officer on a receipt like that in the present case. *Sibbley* v. *Story*, 8 Vt. 15; *Brown* v. *Gleed*, 33 Vt. 147; *Page* v. *Thrall*, 11 Vt. 230. See, also, *Webster* v. *Coffin*, 14 Mass. 196; *Parker* v. *Warren*, 2 Allen 189, and *Plaisted* v. *Hoar*, 45 Maine 380.

*Judgment on the verdict.*