ASA D. DICKINSON, APPELLANT, *v.* JUDSON H. DUDLEY, RESPONDENT.

17h 569
f50ad 20

*Conversion — what unauthorized acts of agents do not amount to.*

One Page delivered certain stock to the defendant, and authorized him to borrow thereon the sum of $3,000. The defendant borrowed the $3,000 thereon, and agreed at the same time that the lender should also hold it to secure some $500 or $600 then due from himself.

In an action of trover brought against the defendant by the assignee of Page, *held*, that these acts did not amount to a conversion, and that the action could not be maintained.

APPEAL from a judgment entered upon the dismissal of the complaint at the circuit.

*W. S. Palmer*, for the appellant.

*Robert Sewell*, for the respondent.

DANIELS, J.:

This action was brought to recover the value of fifty shares of United States Watch Company stock, delivered to the defendant

by L. N. Page, upon which he was authorized to borrow for the use of the owner the sum of $3,000. He obtained the loan of $3,000 upon the stock, in conformity with the authority which he had received, for the purpose of making this disposition of the property, but in an arrangement with the lender, he stipulated for the further pledge of the stock to the lender as security for the payment of the sum of $500 or $600 owed by himself to the lender. On this account an action of trover was brought by the plaintiff, as the assignee of Page, against him for the conversion of the stock. It was held on the trial that the assignment made by Page to the plaintiff was insufficient to transfer a right of action of this description. The objection was taken upon the form of the instrument delivered by Page to the plaintiff. That consisted of a bill running to Page, in which he was charged the sum of $5,000 for this stock, and in addition to that the interest and dividends upon it, amounting in the aggregate to the sum of $9,036.87. Upon the back of this bill an indorsement was made by Page, which in form declared that for value received he transferred to the plaintiff all his right, title and interest to the within claim. It may well be doubted whether the assignment made upon the bill, in this form, in neither of which was there any allusion made to the conversion of the property by the defendant, would operate as a transfer of anything more than the simple matter of account arising out of the transaction upon the basis of this stock. But without definitely deciding this point the case was properly dismissed at the circuit. Page authorized the defendant to pledge this stock as a security for the loan of the sum of $3,000, and to that extent he acted within the limit of the authority conferred upon him. He did pledge it as a security for the loan of that sum, which was borrowed upon the faith of the stock. He, accordingly, acted within the line of his authority to that extent, and disposed of the stock by delivering it over to the lender, as he was authorized to do, but I think he exceeded his authority, by the further agreement that the lender should hold the stock as a security for his own debt due to the lender. That excess of authority, so long as he was authorized to dispose of the stock as a security for the loan, did not under the law, as it has been settled in this State, amount to a conversion of the property. Upon this sub-

ject it has been held that where an agent disposes of the property of his principal for a less sum than that provided for in his instructions, trover will not lie, and where, as in this case, he disposes of the property for a larger sum, the case would seem to be within the principle of the rule. Upon this subject, in the case of *Sarjeant* v. *Blunt* (16 Johns., 74–76), it was said by SPENCER, C. J., "that if every departure from instructions is to expose a party to an action of trover, I should consider it as introducing a new rule, which might operate injuriously. There is no need of this refinement; an action on the case is well calculated to redress any injury arising from a breach of instructions."

In that case the defendant was authorized to sell a chronometer for a particular price. The complaint was not that he sold the chronometer, but that he sold it for a less sum, and thus violated his orders. The selling was not a conversion, but selling for a less price was a breach of duty.

To the same effect is the case of *McMorris* v. *Simpson* (21 Wend, 610–614), where it was held by BRONSON, J.: That trover will not lie, where the agent, though wanting in good faith, has acted within the scope of his powers. "There must, I think," he says "be an entire departure from his authority before this action for the conversion of the goods can be maintained."

There was clearly no such departure in this case, for to the extent of the loan made upon the stock, the agent acted strictly within the line of his authority. His departure consisted in making the additional stipulation with the lender, that the stock might be held as security for the payment of a debt that he owed to the lender. This was not a conversion of the property, but it was, at most, only a breach of an obligation which the defendant owed to his principal, under the instructions which had been given to him for the disposition of the stock.

The case in this respect is not like those referred to by the counsel for the appellant, where the party, in violation of the entire authority conferred upon him, disposed of the property intrusted to his use, and where the disposition was such as to bring a charge upon the owner of the property. In those cases it was held that the circumstances that the property was subjected to the charge,

and it was disposed of without authority from the owner, were sufficient to constitute a conversion.

In this case, however, it is to be observed that no charge was imposed upon this property, by the conduct and act of the agent, beyond that authorized by the principal. As to the agreement that the lender should hold the property as a further security for the sum owed by the agent to him, as nothing was advanced under the agreement, it imposed no charge upon the property. Notwithstanding the existence of such a stipulation, made on the part of the defendant, the lender had no right to hold the property for anything beyond the sum of $3,000, which the defendant was authorized to borrow for the use of the owner upon it. For the rule is well settled that the agent having authority to dispose of the property of his principal, for his principal's benefit solely, cannot subject it to a lien for the payment of a pre-existing debt owing from himself.

The person receiving the property as security for such a debt advances nothing upon it, and is consequently no worse off if he is unable to hold the property, than he was before the arrangement was made. Nothing was advanced by the lender to the debtor beyond this sum of $3,000, and the result was that the owner of the property was at liberty to redeem it, and recover it from the lender upon refunding the amount loaned upon it, together with the interest which was to be paid. In no view was there any legal charge made upon this property for the debt of the lender against the agent. There was, consequently, no conversion of the property, and as the case proceeded solely upon the ground that the defendant had converted it, which was not established by the evidence given at the trial, the complaint was properly dismissed, and the judgment should be affirmed.

BRADY, P. J., and INGALLS, J., concurred.

Judgment affirmed.