IRA G. BLAKE v. OBED S. HATCH.

*Trespass.    Attachment of property, &c.*

Where the plaintiff attached a quantity of starch, which was stored by the debtor in the barn of a third person, under an agreement that said third person should have a lien upon the same for the security of a debt, as an officer by virtue of certain writs against the said debtor ; and at the time of said attachment the plaintiff did not move or take possession of the said starch, except by notifying said third person that he had attached it; it was held, that the plaintiff had not acquired any such property in the starch, as would enable him to maintain tres pass therefor, against one who subsequently attached and took possession of the same, on other writs of attachment.

Property pawned, or mortgaged may be attached on trustee process, by paying the amount for which said personal property is so held as security.

Trespass for a quantity of starch.    Plea, the general issue, and notice that defendant took the same by virtue of certain writs of attachment, as the property of one Sullivan G. Hutchins, and trial by jury.

On the trial, the plaintiff gave in evidence a writ of attachment in favor of one William Gleason, Jr., against the said Hutchins, which was served by the plaintiff, as an authorized officer, on the 11th day of January, 1848, by attaching the starch in controver-

sy, as appeared by the return on said writ—also judgment and execution thereon.

The plaintiff also gave in evidence two writs of attachment against said Hutchins, both served by the defendant, on the 11th day of January, 1848, by attaching, as the property of the said Hutchins, the same starch, (there being 28 tierces of the same.)

It also appeared, that said Hutchins, in the fall of 1847, was indebted to one Charles Peabody, in about the sum of $200, and said Peabody was insisting upon pay or security, as he suspected the solvency of Hutchins. That one Montieth, the agent of said Hutchins, applied to the said Peabody for leave to store some starch in his barn, that said Peabody consented that he might so store it, on condition that he should have a lien on the same, and hold it as security until his debt was paid, to this the said Montieth agreed, and the said Hutchins, being informed thereof, assented to it.

That the said starch was in the said barn, under this agreement, when the plaintiff attached it. That after the same was attached by the defendant, the creditors for whom he acted, agreed with said Peabody, that all of said starch, except thirteen tierces, as far as he was concerned, might be removed, on condition, that if said thirteen tierces should not prove sufficient to pay his debt, against said Hutchins, they would return sufficient to pay the balance. That under this arrangement all but the said thirteen tierces was removed by the defendant, and afterwards, the said thirteen tierces not being sufficient to pay said Peabody's debt, between one and two tierces of the starch which was taken away, was returned to him to make up the balance of his debt. That the starch which was taken away by the defendant, was so taken about two weeks after the attachment.

The County Court, December Term, 1852,—POLAND J. presiding,—held that upon these facts the plaintiff could not sustain this action, and directed a verdict for the defendant.

. Exceptions by plaintiff.

*J. Potts* for plaintiff.

The defendant by his own returns upon the writs which he served, and which are referred to in the exceptions, " certifies that upon the same day he attached the property, subject to the plaintiff's attachment;" surely then, the attachment and notice, was

good as to the defendant. *Fitch* v, *Rogers*, 7 Vt. 403. *Lyon* v. *Rood*, 12 Vt· 233.

The property when attached, was in the possession of a third person, who was notified by plaintiff of the attachment; and this notice we insist was sufficient to perfect the attachment.

The property being pledged to Peabody can not defeat the attachment, for his property in the pawn was only to the extent of his indebtedness. The case shows that there was much more than enough to satisfy his debt; the balance was the property of Hutchins and subject to attachment on his debts. 4 Kent's Com. 139

*M. Male* for defendant.

The plaintiff notified Peabody, who kept the property in his own barn subject to his right of property alone, that he had attached it, and there left the matter; he took no possession of the property, therefore could not have it in custody. To constitute an attachment of personal property, it is necessary that the officer should either by himself or servant, take and maintain the actual custody and control of the property, by such means as will give unequivocal notice to all others, of the custody of such officer. *Lyon* v. *Rood*, 12 Vt. 233. *Fitch* v. *Rogers*, 7 Vt. 403. *Burroughs* v. *Wright et al.*, 16 Vt. 619.

The opinion of the court was delivered by

REDFIELD Ch. J. It being expressly found in this case, that the plaintiff took no possession of the property which he professed to attach; and it not being of that class of property, upon which statutory, constructive attachments may be made, and it not being claimed, that the plaintiff had any other property in the articles sued for, we cannot regard him as having acquired any such property in the things, as will enable him to maintain this action. What he did, has always been regarded as insufficient, to constitute an attachment. *Lyon* v. *Rood* cited in argument.

Property pawned, or mortgaged, may nevertheless be attached, by trustee process, by paying the amount secured upon it.

Judgment affirmed.