————o————

SAMUEL J. LESEM, *et al.*, Respondents, *vs.* JAMES A. NEAL, Appellant.

1. *Attachment—Release of property—Judgment in attachment—Limitations, etc.—* The cause of action against a sheriff, for losses sustained by his unauthorized release of attached property pending the trial of the attachment proceedings, does not accrue from the date of the release but from that of the judgment in the attachment suit. The three years limitation commences running in his favor from that time.

*Appeal from Linn Circuit Court.*

*A. W. Mullins,* for Appellant.

I. Plaintiffs' right of action, if any they had, was barred by the statute of limitations. (W. S., 918, § 11; Mitchell vs. Falbright, 32 Mo., 551.)

*Burgess & Mansur*, for Respondents.

I. The statute did not begin to run until the appellant made return on the writ of attachment, showing what he did with the attached goods, which was not until the 10th day of December, 1870. Simply depositing the writ in the clerk's office, without showing what had been done with it, was no return at all. (Kirk vs. Sportsman, 48 Mo., 383; State vs. Minor, 44 Mo., 373; State vs. Gutzweiler, 49 Mo., 17; Nelson vs. Brown, 23 Mo., 13.)

II. Respondents were not affected by facts attending the attachment which did not appear in the return. (2 Hill. Torts, 222, § 4; Franklin Bank vs. Small, 26 Me., 136.) And the return in this case did not show, that the dry goods had ever been attached or released, until it was amended by the appellant on the 10th day of December, 1870. The statute of limitations did not begin to run in his favor until that time. (2 W. S., 918, § 11; Foley vs. Jones, 52 Mo., 64; Miller vs. Woodward, 8 Mo., 169.)

VORIES, Judge, delivered the opinion of the court.

The petition of plaintiffs in this cause alleges, that on the 4th day of August, 1866, S. H. Herryford and Bond R. Lowry were indebted to plaintiffs in the sum of $335.25; that on said day plaintiffs commenced suit, by way of attachment, against said Herryford and Lowry, in the Linn Circuit Court; that an attachment was duly issued in said cause against the property of the said Herryford and Lowry, which said writ of attachment was on said day delivered to the defendant Neal, who was at the time the sheriff of said county, to be by him executed according to law; that the defendant as such sheriff, on the 6th day of August, 1866, seized and attached, as the property of the said Herryford and Lowry, a stock of dry goods and groceries, which are charged to have been the property of said Herryford and Lowry and of the value of one thousand dollars and about all of the property of said Herryford and Lowry subject to said attachment; and that they are now hopelessly insolvent;

that the attachment was sustained in the cause by the Linn Circuit Court, and judgment rendered in said court in favor of plaintiffs for said debt and interest amounting to $382.25, which judgment was rendered on the 16th day of November, 1867; that no part of said judgment has been or could be collected; that after the seizure of said property by said defendant by virtue of said attachment, on the 7th day of August, 1866, the defendant, without the knowledge or consent of plaintiffs, released from said attachment and levy aforesaid, all of said goods and turned them over to said Herryford and Lowry. For the releasing of the property the plaintiffs brought this suit, setting up the foregoing facts, and charged, that by said unlawful act of defendant they have lost their debt, and been damaged in the sum of five hundred dollars. The defendant by his answer only sets up the statute of limitations: "That the cause of action mentioned in plaintiffs' petition did not accrue within three years next before the commencement of this suit."

This answer was denied by the replication filed by the plaintiffs.

The cause was tried by the court.

It appears from the evidence preserved in the bill of exceptions, that the attachment was levied by the defendant, as sheriff, on the 6th day of August, 1866, on all of the title and interest of the said Herryford and Lowry in and to a saloon, which consisted of liquors and bar fixtures and other property in said saloon, and a stock of dry goods consisting of dry goods and groceries; that defendant never took further control of the dry goods store than to take the key and lock the store up for one or two days, when the goods being claimed by others, and the defendant, believing that he had enough goods or other property to satisfy said attachment, gave up the goods in the dry goods store except eleven pairs of boots which the defendant retained and applied on the attachment. The defendant in indorsing the levy and return on the attachment made no mention of these dry goods or the dry goods store, except the eleven pairs of boots which he had re-

tained, but by his return only showed the seizure of the saloon and goods therein and the eleven pairs of boots.

It is shown by the record, that after this return was made by the sheriff, on the 10th day of December, 1870, at the suggestion of the attorney of the plaintiffs in the cause, the said sheriff was permitted to amend his return on the attachment, and did so amend it as to make it show the levy upon the stock of dry goods aforesaid, and the following entry was also inserted at the foot of the return : "The dry goods were afterwards released because of there being a sufficient amount of other property levied upon to pay the debt and costs." It was also shown, that these dry goods released were worth from one thousand to twelve hundred dollars. It is further shown by the record read in evidence in the case of plaintiffs against Herryford and Lowry, that after the sheriff had released the dry goods from the levy of the attachment on the 11th day of October, 1866, one Robert Holly filed an interplea in the cause, claiming the saloon property levied on as his property ; and that a trial was had thereon, in which the interpleader recovered the property to the value of four hundred and thirty-three dollars, and judgment was rendered against the interpleader as to the balance of the property levied on, and, that after the plaintiffs had recovered their judgment, no money could be made on it.

There is nothing in the evidence to show what, if anything, was left after the recovery by the interpleader of the property to the value of $433.

At the close of the evidence the court, at the instance of the plaintiffs, declared the law to be as follows :

"That it stands admitted by the pleadings, that on the 4th day of August, 1866, plaintiffs were partners ; at which time S. H. Herryford and Bond R. Lowry were indebted to them by their promissory note of date, June 15th, 1866, in the sum of three hundred and thirty-five and 25-100 dollars; that on the 4th day of August, 1866, they commenced suit by attachment in this court against said Herryford and Lowry on said note, and caused a writ of attachment to issue thereon and

directed and delivered to the defendant, who was, at the time of serving the writ, the sheriff of said Linn county, and who, by virtue of said writ, did, on the 6th day of August, 1866, seize and levy upon one stock of dry goods and groceries of which said Herryford and Lowry were then the owners, and which he afterwards released without the knowledge or consent of plaintiffs and by reason of which they have been injured."

"That according to the evidence in this case, plaintiffs' cause of action was not barred by the statute of limitations at the time of the commencement of this action.

"If the court finds for the plaintiffs, it will assess their damages at any sum which it may believe from the evidence plaintiffs have sustained by reason of the acts of defendant, not exceeding the sum of five hundred dollars."

These declarations of law were objected to by the defendant, and his objections being overruled, he excepted.

The court then refused the following declarations of law asked for by the defendant:

"The plaintiffs' petition shows, that the defendant's liability was incurred, and the plaintiffs' cause of action accrued, on the — day of August, 1866, at the time when the stock of dry goods were released; and that unless the plaintiffs' action was commenced within three years next after that time, the plaintiffs cannot recover."

"The pleadings and evidence in this cause show, that the cause of action set up in the petition did not accrue within three years next before the suit was commenced."

"If the court should find from the evidence, that the plaintiffs are entitled to recover, they cannot in any event recover of defendant more than the value of the interest of Herryford and Lowry in the goods attached with interest thereon; and if the court find from the evidence, that Cantrell and Harlow were the owners of the goods seized upon and attached by defendant as sheriff at the time thereof, and that said Cantrell and Harlow were such owners when said goods were released by defendant as such sheriff, then plaintiffs are only entitled to recover nominal damages in this case.

The defendant excepted to the opinion of the court in re fusing these declarations of law.

The court then rendered a judgment against the defendant for $536.57 with costs.

The defendant then filed his several motions for a new trial and in arrest of judgment, assigning as causes therefor the opinions of the court excepted to, as well as the other usual causes set forth in such motions; which motions being overruled, the defendant excepted and appealed to this court.

There are two points raised by the appellant in this court upon which he relies as grounds for a reversal of judgment:

First—That the cause of action was barred by the statute of limitations, and that his plea of the statute ought to have been sustained by the court; and

Second—That the court wrongfully refused to declare the law to be, that the plaintiffs, if they recovered, could only recover the value of the interest, that the defendants in the attachment had in the goods which had been released; and if the property at the time it was released belonged to others than the defendants in the attachment, the plaintiffs could only recover nominal damages.

It is not necessary in this case, that we should decide what effect would have been given to such a defense, if it had been set up in the defendant's answer and relied on by him in his defense, but the defendant relies in his answer on the statute of limitations alone and upon that issue only. Upon the record, he has no right to complain that the court refused to pass upon the issues not made in the case; all facts set forth in the petition, which are material to plaintiffs' right of action, not denied or controverted by the answer, are to be taken as admitted, and in this case the plaintiffs have done nothing which would waive their right to rely on the admission made by the failure of the defendant to controvert the facts stated in the petition. If the defendant wished to rely on these facts upon the trial, he should have applied to the court for leave to amend his answer, and then his evidence would

27—VOL. LIII.

be properly admissible, and his defense be properly before the court. The court committed no error in refusing the declaration of law applicable to that part of the defense. The important and only question for the consideration of this court is as to the statute of limitations. At what time did plaintiffs' cause of action accrue, is the question for consideration. It is contended by the defendant, that the cause of action, if any, accrued as soon the goods were released from the levy of the attachment, and that the three years limitation commences to run at that time; while it is contended by the plaintiffs, that the statute could not commence running until after the return made on the attachment by the sheriff was amended, so as to show the levy upon and release of the dry goods, which release is the foundation of this action. It is difficult to tell in actions like this, at what time the right of action accrues. It will be remembered that this is an action in the nature of an action on the case for the wrongful act of the defendant in the discharge of his duty as sheriff. In such a case, usually, the right of action would accrue at the time of the commission of the wrongful act out of which the injury accrued; but this is not universally the rule. There may be wrongs committed for which no right of action accrues at the time of the commission of the wrong. In the case of Harryman vs. Wilkins, 20 Maine, 93, the action was brought against the sheriff for taking an insufficient replevin bond in an action of replevin. The defendant, who was sued in replevin, succeeded in defeating the plaintiff's action, and became entitled to a return of the property replevied; the property was not returned by the plaintiff, and the sureties on the bond were insolvent; and the sheriff was sued by the defendant in the replevin writ for taking insufficient security on the bond, whereby he claimed to have been damaged. To this suit the statute of limitations was pleaded by the sheriff. It was contended, that if the sheriff took the property without a sufficient bond, the act was a wrongful one; and that the right of action accrued as soon as the wrongful act was committed.

The learned judge in delivering the opinion of the court in that case, used this language :

"The defendant's counsel contended, that the action was barred by the statute which provides, that all actions against sheriffs for the misconduct or negligence of their deputies shall be commenced and sued within four years next after the cause of action. An action upon the case to recover damages for such misconduct or neglect cannot be maintained without proof of actual injury. Whether the plaintiff in this case would be injured by the misconduct of the officer could not be known, until he had recovered judgment for a return of the property, and the defendant in the replevin had failed to restore it."

In that case the wrongful act of the sheriff's deputy was in taking the property without the security required by law, or for accepting insufficient security; yet no right of action accrued to the defendant until he became entitled to a return of the property. And to the same effect is the case of Bailey vs. Hall, 16 Maine, 408, and various other cases to which we might refer. The precise question arising in this case has never been passed on by this court; but questions, which are deemed to have some analogy to the one in the present case, have been considered and adjudicated. In the case of the State vs. Minor, 44 Mo., 373, the suit was brought on the bond of Minor as sheriff of Davies county. The breach of the bond relied on for a recovery was, that Minor had sold lands under an order and judgment of the Davies Circuit Court, for the purpose of partition among the joint owners; that said lands had been sold on a short credit; that he had afterwards collected the purchase money, and had never at any time made any return or report to the court, or to the plaintiffs, who were the parties entitled to the money. No demand had been made on Minor for the money until the bringing of the suit. The statute of limitations was relied on by the defendant, and it was insisted by him that the cause of action accrued at the time the collection was made, which was more than three years before the bringing of the suit.

In that case, after reviewing all of the conflicting authorities on the subject, it was held, that the statute of limitations did not begin to run until there had been either a demand of payment by the parties interested, or until the officer had made a proper return or report, to the court ordering the sale, of the money received. In the case of State vs. Gutzweiler, 49 Mo., 17, the same point was decided, and in the same way in reference to money collected by a sheriff on execution. In both of the cases above referred to, it was the duty of the sheriff, when the money was collected, to make return thereof to the court, and it was held, that no action accrued to the plaintiff until such return was made, or until the money was demanded and a refusal to pay.

In the case under consideration, at the time the goods were released by the defendant from the attachment, no right of action could accrue to the plaintiffs to sue therefor, even if the release was wrongful. Until they recovered their judgment in the attachment suit, they had no right to sue; and, in fact, a right of action might never have accrued to them for said release. The attachment might be dissolved, or they might have failed in their suit, which would have worked a dissolution of the attachment. In such event, they could not have recovered of the officer, because they would have sustained no injury; but when they recovered their judgment against the defendants in the attachment suit, they at once had a right to have the property attached applied in the payment thereof, and the property having been released by the sheriff, if the release was wrongful, their right to sue the sheriff accrued. This recovery having been more than three years before the commencement of the suit, the statute was a bar to the action. It follows, that the second declaration of law asked for by the defendant, which assumed, that the right of action accrued at the time the goods were released, was properly refused, and that the court improperly declared the law to be, "that according to the evidence in the case the plaintiffs' cause of action was not barred by the statute of limitations at the time of the commencement of the action."

It is, however, contended by the respondent, that this case comes within the rule laid down in the case of Foley vs. Jones, 52 Mo., 64. The suit was brought in that case against a sheriff for falsely returning on a writ of summons, that he had served the same on the plaintiff, who was a defendant in the suit in which the summons had been issued, by reason of which a judgment had been recovered against him on a demand against which he had a perfect defense. The petition charged, that at the time, that the summons purported to have been served, he was out of the country, and that the sheriff had fraudulently and falsely made the return showing the service, in order to injure and defraud the plaintiff; and that he never heard or knew of the action until long after the judgment was recovered against him.

The defendant pleaded the statute of limitations on the ground, that the action had not accrued within three years before the commencement of the suit.

Plaintiff replied, denying, that the right of action had not accrued within three years, and charging, that the payment of the money by him on the judgment, which he was compelled to pay by reason of the false return, was not paid until the month of October, 1869; and that he had no notice of the institution of said suit till his money deposited in the bank was garnished, which was in October, 1869, and within three years before the commencement of his action. It was conceded in that case, that the statute does not protect plaintiffs who are ignorant of the facts necessary to enable them to bring suits, unless that ignorance is caused by some improper conduct on the part of the defendant. That case was thought however to come within the provisions of the 24th section of the limitation act. (W. S., 920.) By that section it is provided, that " if any person, by absconding or concealing himself, or by any other improper act, prevent the commencement of an action, such action may be commenced within the time herein limited, after the commencement of such action shall have ceased to be so prevented." It was held in that case, that the return by the sheriff being wilfully false, and

the matter being concealed from the plaintiff—his having no notice at all of any action or proceeding against him—the statute would not run against him until he had some notice of the action.

The learned judge, delivering the opinion of the court, uses this language:

"The making of a false return is unquestionably an improper act, but that of itself would not prevent the commencement of an action; but coupled with other acts, it might produce that result, and preclude the officer making it from the protection of the statute. As a general proposition, and as to parties to the suit, the statute would commence running from the time of making the return; because, then the parties are in court and would be bound to take notice of it."

. In the case under consideration, the plaintiffs were parties to the attachment suit, and there is no evidence to show that the defendant acted in bad faith in releasing the property attached. The return made by him—and which was produced in evidence—shows, that it was released because he had enough other property attached to satisfy the attachment, and the other facts in evidence show, that he had good reason to believe that such was the fact; but the property was afterwards frittered away in a litigation with an interpleader. The mere fact, that the defendant left the property released out of his return, is not sufficient to prevent the running of the statute, at least when there was no bad faith shown.

We are therefore of the opinion, that as more than three years had elapsed after the rendition of the judgment and before the commencement of the suit, the statute of limitations was a good defense to the action, and it ought to have been so declared by the Circuit Court.

Judges Wagner and Napton did not sit; the other Judges concurring, the judgment is reversed and the cause remanded.