WALTER H. SHANKLIN *ex rel.* MORRIS WETZLER, Appellant, v. GEORGE W. FRANCIS *et al.*, Respondents.

### Kansas City Court of Appeals, November 5, 1894.

1. **Pleading:** PETITION ON CONSTABLE'S BOND: INJURY OF RELATOR. The petition on a constable's bond for a failure to levy an attachment writ on personal property must allege among other things that the plaintiff in the attachment prosecuted his suit to a final judgment, otherwise he does not show that he is injured by the alleged negligence of the constable, and the judgment in the attachment is a prerequisite to his right to maintain the action on the bond.

2. **Officer's Return:** ATTACHMENT: JURISDICTION. In an attachment suit before a justice, the officer's return of a levy on the defendant's property is indisputable in that action, and gives the court jurisdiction although the return is false and the defendant is a nonresident.

*Appeal from the Grundy Circuit Court.*—HON. PARIS C. STEPP, Judge.

AFFIRMED.

*George Hall* for appellant.

(1) The amended petition alleges that respondent Francis neglected and refused to levy upon the property under the writ of attachment, and made false return thereof that he had levied upon the property and does state a good cause of action, and the trial court erred is sustaining the demurrer thereto. Respondent, Francis, was liable for failing to make a levy on the property. *Ins. Co. v. Leland,* 90 Mo. 177; *State ex rel. v. Harrington,* 41 Mo. App. 439; *People ex*

*rel. v. Palmer*, 46 Ill. 398; 95 Am. Dec., 418, and note; *Douglas v. Baker*, 9 Mo. 41; *State ex rel. v. Koontz*, 83 Mo. 323, 333. (2) And for making a false return. *State of Mo. ex rel. v. Finn*, 13 Mo. App. 285; *State ex rel. v. Case*, 77 Mo. 247; *State ex rel. v. Finn*, 87 Mo. 310; *State ex rel. v. Harrington*, 28 Mo. App. 287; *State ex rel. v. Flynn*, 24 Mo. App. 344; *Raynesford v. Phelps*, 43 Mich. 342, 38 Am. Rep. 189; *Thomas v. Ireland*, 38 Ky. 581; 21 Am. St. Rep. 356; *Chubbuck v. Cleveland*, 37 Minn. 466; 5 Am. St. Rep. 864; *Foley v. Jones*, 52 Mo. 64; *Lesem v. Neal*, 53 Mo. 412. (3) In order that the justice could acquire jurisdiction in the attachment suit against Beck, it was necessary that jurisdiction be acquired over either the person or property of Beck. The petition alleges that he was a non-resident of the state, the returns of the officer showed no service upon him; and, unless the officer actually levied upon and seized and held the property of Beck, as required by the statutes, in order to constitute a valid levy the justice acquired no jurisdiction over his property. R. S. 1889, sec. 543; *Douglass v. Orr*, 58 Mo. 573; *Russell v Major*, 29 Mo. App. 167. And the fact that the constable falsely stated in his return to the writ of attachment, that he had levied upon the property, could not have given the justice jurisdiction; and to have proceeded to judgment and execution without jurisdiction of either the person or property of Beck would have been acting a farce. *State ex rel. v. Koontz, supra*; *Thomas v. Ireland, supra*; *Foley v. Jones, supra*.

*Harwood & Hubbell, Williams & Linney* and *Kelso & Schooler* for respondents.

The court committed no error in sustaining respondents' demurrer to appellant's amended petition. The return of the officer, to the effect that he "exe-

cuted said writ," etc., gave the justice of the peace jurisdiction in the case. *Tufts v. Volkening*, 51 Mo. App. 7. Since the return of the officer gave the justice jurisdiction, the appellant and relator can not recover in this case, because he did not proceed to final judgment against the defendant Grant Beck, in the attachment suit in justice's court. *State ex rel. v. Finn*, 98 Mo. 532; *Lesem v. Neal*, 53 Mo. 412; *State ex rel. v. Finn*, 23 Mo. App. 290. So far as the case of the appellant against Grant Beck in justice's court was concerned, the return of the officer imported absolute verity. The appellant could not stop in that court and question its correctness. As between the parties to the writ, the return of the officer is conclusive, and the law does not permit the appellant to collaterally assail the return of the officer in justice's court by saying it was false and abandoning his case; but he must, in order to establish a valid claim to the property, or its proceeds, procure final judgment. This is fundamental learning. *Horton v. Railroad*, 26 Mo. App. 349; *Mfg. Co. v. Baker*, 35 Mo. App. 217.

GILL, J.—This is a suit brought on a constable's official bond. The petition assigned, as a breach of the conditions of the bond upon which the cause of action is based, that one Beck, a nonresident of the state of Missouri, was indebted to relator in the sum of $238.23 as principal, and $36.23 as interest. That, on the thirteenth day of October, 1892, relator brought suit by attachment against Beck, for said indebtedness, before W. H. McGarth, J. P. That the justice issued a writ of attachment in said cause against Beck, directed to defendant Francis, as constable, commanding him to attach a sufficient amount of Beck's property to satisfy relator's debt. That at the time of the delivery of said writ of attachment, and for several days thereafter,

Beck owned and had horses, mules and other personal property in Grundy county, Missouri, subject to attachment sufficient to satisfy said debt and costs, and relator informed said constable thereof and requested him to levy on the same. That defendant constable subsequently, to wit, on the —— day of October, 1892, made return of said writ of attachment, in which he stated that he had executed the same and had levied upon said horses, mules and other property so belonging to said Beck. But relator alleges that this return was false, and that said constable did not levy on and seize any property. That thereafter, to wit, on the twenty-fourth day of October, 1892, the sheriff of said county, under a writ of attachment issued from the clerk of the circuit court, levied upon, seized and holds all of said property in an attachment suit brought by Lemuel Skinner against said Beck. That, by reason of which, the property was lost to relator and he was deprived of the proceeds thereof with which to pay his debt. That said Beck has no other property that can be subjected to the payment of relator's debt. Wherefore, plaintiff asked judgment for his damages, etc.

The trial court sustained a demurrer to the petition on the general ground that it failed to state a cause of action; and from a final judgment against him the plaintiff has appealed.

The ruling of the circuit court must be upheld. The plaintiff's petition failed to state one necessary ingredient to a complete cause of action, to wit: That in his attachment suit against Beck, before the justice of the peace, he had obtained a final judgment in his favor.

The principle involved in *Lesem v. Neal*, 53 Mo. 412, is applicable here. That was an action on a sheriff's bond for the unauthorized release of attached property, and there was a plea of the statute of limita-

tions, the question being as to when the statute began to run—from the date of the release of the property or from the date of final judgment in the attachment suit. In course of the opinion, the court uses this language: "In the case under consideration, at the time the goods were released by the defendant from the attachment, no right of action could accrue to the plaintiffs to sue therefor, even if the release was wrongful. *Until they recovered their judgment in the attachment suit, they had no right to sue;* and, in fact, a right of action might never have accrued to them for said release. The attachment might be dissolved, or they might have failed in their suit, which would have worked a dissolution of the attachment. In such event, they could not have recovered of the officer, because they would have suffered no injury." This decision we find lately approved by the same court. *State ex rel. v. Finn,* 98 Mo. 532, 541. In that case Judge RAY says: "Until plaintiff recover its judgment in the attachment suit, it was not known whether or not it had any valid demand    *    *    *    or had suffered any substantial damage."

So here, even admitting that the defendant constable failed to levy the attachment on Beck's property, which plaintiff Wetzler pointed out to him, yet this may not have done any real injury to Wetzler, for it may be that if that suit had gone to trial, plaintiff would have been defeated on the merits, or the attachment dissolved on trial of plea in abatement. The law then very reasonably requires the plaintiff, in this action against the constable and his sureties, not only to allege and prove dereliction of duty on the part of the officer, but that the plaintiff was necessarily damaged thereby. And he could not be injured, unless he had then a valid claim against the defendant, and there existed legal grounds for attachment. The existence

of a just demand and cause, or causes, for attachment must be shown by a judgment in said attachment suit. That was a prerequisite to a right to maintain this action.

But it is contended that in the attachment suit of *Wetzler v. Beck*, the justice had no jurisdiction to proceed with the case, since there was not *in fact* anything levied on, nor was there personal service on the defendant. It is a sufficient answer to this contention to say that neither party to that action could, in that suit, question the constable's return, and that return showed a valid levy.

Judgment affirmed. All concur.