WALTER H. SHANKLIN *ex. rel.* MORRIS WETZLER, Respondent, v. GEORGE W. FRANCIS *et al.*, Appellants.

Kansas City Court of Appeals, November 23, 1896.

1. **Res Adjudicata:** PREMATURE ACTION. An action prematurely brought and decided on demurrer against plaintiff does not bar a subsequent action brought on proper time for the same subject-matter.

2. **Attachment:** LEVY. The word levy is required by the statute to be construed to mean actual seizure of the property by the officer charged with the execution of the writ, and such seizure is the basis of the attachment and the jurisdiction of the court.

3. ———: ———: BAILEE. Giving notice to a bailee that the property is attached without taking manual possession thereof, will not prevent a subsequent attachment by other creditors, though after seizure the officer may make satisfactory arrangement with the bailee for the care of the property.

4. **Jurisdiction:** ORDER AND RETURN OF PUBLICATION. Where the jurisdiction of an inferior court depends upon a fact which that court is required to ascertain, its decision is conclusive against collateral attack and the recitals of the judgment set out in the opinion are *held* sufficient to authorize an order of publication and return thereon.

5. **Justices' Courts:** AMENDMENT : CONTINUANCE : PRACTICE. Where property which has been seized by attachment from a justice's court is likewise levied on by attachment from the circuit court, the statute authorizes the continuance of the cause to await the determination of the suit in the circuit court and an irregularity of the justice in indefinitely postponing the case will not vitiate a judgment afterward rendered by him where no prejudice seems to have resulted.

6. ———: JURISDICTION : AMOUNT. That the amount sued for in the justice's court did not exceed his jurisdiction may be shown by the papers on file.

*Appeal from the Grundy Circuit Court.*—HON. PARIS C. STEPP, Judge.

AFFIRMED.

*O. G. Williams* with *Harber & Knight* for appellants.

(1) The former suit between these same parties in which the exact delinquency and default were assigned as a breach of the conditions of constable Francis' bond and which judgment was had for the defendant, as here, was a complete bar to the suit. R. S. 1889, sec. 879; *Dickey v. Helm*, 48 Mo. App. 114; *Mason v. Summer*, 24 Mo. App. 174; *Ins. Co. v. Smith*, 117 Mo. 261, 266, 267. (2) The officer had the lawful right to pursue the directions of relator Wetzler, and if in pursuing the direction of relator loss accrued, the relator must bear the same. *Donham v. Wild*, 31 Am. Dec. 161; Drake on Attachment, secs. 189 and 305; Murfree on Sheriffs, secs. 937, 988, 989; Shinn on Attach. and Garnish., secs. 207, 272, 390. (3) The direction of Wetzler to constable Francis was "to levy upon the property and leave it in the possession of McCracken and Lynch," the same persons that the defendant, Beck, before his absconding, had placed in the possession of it, who at the time held it as the agent and for said Beck. Under such circumstances and following the instructions of Wetzler, there could be no valid levy. R. S., sec. 543, div. 4; *Russel v. Major*, 29 Mo. App. 169. (4) There was not at the time of the institution of this suit any valid judgment against Beck. This was essential. *Shanklin v. Francis*, 59 Mo. App. 178. The judgment was void, for the reasons: *First*. The notices required by sections 596, 597, Revised Statutes, 1889, could only be given by plaintiff Wetzler. There was no authority for the justice giving them, as it is undertaken by parol to show he did. *Tufts v. Volkening*, 122 Mo. 631, 635. *Second*. The justice had no authority to indefinitely, in his mind,

continue the cause.   He possessed only such powers as
are expressly delegated to him, and no such are given.
Const. of Mo., sec. ¡37, art. 6; R. S. 1889, secs. 2445–
2446; *Broshears v. Hicklin*, 54 Mo. 102.    *Third*. While
there are a number of ways (sec. 597, R. S. 1889) that
proof may be made to the justice, of the giving of the
notice required in section 596, Revised Statutes, yet
the manner of the giving of such notice must appear
from the justice's docket, otherwise the proceedings
are void.    *West v. Loring*, 54 Mo. App. 264; Drake
on Attach. [5 Ed.], sec. 85.   (5)   The writ was issued
for the sum of $375.10 without showing any part of it
was for interest, hence it was void upon its face, and
the constable was not bound to execute it nor are his
securities liable for his acts in refusing to so do.
Const. of Mo., sec. 37, art. 6; R. S. 1889, sec. 6122;
McQuillin, Pl. and Pr., sec. 1090; Murfree on Sher-
iffs, sec. 9301; Drake on Attach. [5 Ed.], sec. 184;
*McLean v. State*, 21 L. R. A. 738; Cooley on Torts,
464.

*Geo. Hall & Son* for respondent.

(1)   The former suit between these same parties
was not tried on its merits, but was disposed of on
demurrer, the court holding that the suit was prema-
turely brought, and the former suit can not be *res
adjudicata*, or a bar to this suit.    *Shanklin v. Francis*,
59 Mo. App. 178; *Norton v. Bohart*, 105 Mo. 615, 633;
*Garrett v. Greenwell*, 92 Mo. 120; *State to use Consta-
ble v. Brooke*, 29 Mo. App. 286; *Whilock v. Appleby*,
49 Mo. App. 295; Wells on Res Adjudicata, sec. 454;
*Dillinger v. Kelley*, 84 Mo. 561; *Block v. Dorman*, 51
Mo. 31; *Spradling v. Conway*, 51 Mo. 51; *Railroad v.
Traube*, 59 Mo. 355; *McFarlane v. Cushman*, 21 Wis.
401; *Crabtree v. Wills*, 19 Ill. 55.   (2)   It was the

duty of defendant Francis to seize the property of defendant Beck under the writ of attachment placed in his hands, and no direction given him by the plaintiff in the attachment suit, about what to do with the property after it was attached, would excuse him for failing to make the attachment or for making a false return. Drake on Attachments [1 Ed.], sec. 189a; *Fitzgerald v. Blake*, 42 Barber (N. Y.), 515. (3) The judgment rendered by Justice McGrath before the bringing of this last suit, was a sufficient judgment so far as relates to this suit. The notice to Beck was sufficient and not subject to collateral attack. *Lingo v. Burford*, 112 Mo. 149; *Leonard v. Sparks*, 117 Mo. 103; *Collins v. Kamman*, 55 Mo. App. 464; R. S. 1889, secs. 596, 597; *Wise v. Loring*, 54 Mo. App. 258; *Fulkerson v. Davenport*, 70 Mo. 541; *Karnes v. Alexander*, 92 Mo. 660, 671; *Baker v. Baker*, 70 Mo. 134; *Freeman v. Thompson*, 53 Mo. 183; Freeman on Judgments, sec. 524; R. S. 1889, sec. 2699; *Dowdy v. Wamble*, 110 Mo. 280. (4) The justice had the right to continue the case on his own motion without the consent of either party. R. S. 1889, secs. 6245, 6260, 6235, 6299 and 6228; Kelley's New Justices Treaties [Ed. of 1890], sec. 99; *Stevenson v. Sherwood*, 74 Am. Dec. 140, and notes, p. 141, 150; *Commonwealth v. Donovan*, 96 Am. Dec. 765. (5) The justice had jurisdiction of the cause of action in the case of *Wetzler v. Beck;* R. S. 1889, secs. 6122, 6142, 6145 and 590. This may be shown on the face of the papers or cause of action filed in the cause. *Wise v. Loring*, 54 Mo. App. 258; *Sappington v. Long*, 53 Mo. App. 44; *Adams v. Cowels*, 95 Mo. 501; *State v. Schneider*, 57 Mo. App. 669, 676; *Lingo v. Burford*, 112 Mo. 149; *Owen v. Zeigler*, 46 Mo. App. 193.

SMITH, P. J.—This is an action on the constable's bond of the defendant Francis and his sureties thereon,

who are the other defendants. By reference to 59 Mo. App. 178, it will be seen that a similar action by the relator against defendants has been heretofore brought on said constable's bond. In the former action it appears the petition was held on demurrer to state no cause of action, for the reason that it did not show the relator had recovered judgment against defendant in the attachment suit before the justice. It appears from the record in the present case that after the judgment of the circuit court on the demurrer was affirmed by us in the former case, the relator prosecuted his attachment suit before the justice to final judgment, and in the petition now before us that fact is distinctly pleaded.

The relator had judgment in the circuit court and defendants have appealed.

I. The defendants object that the circuit court erred in refusing in effect to declare by an instruction requested by them, that the former judgment was a bar to the present action. In the former action we decided no more than that until the relator recovered judgment in the attachment suit before the justice, he had no right to sue; and that ruling was in harmony with the prior rulings of the supreme court where a like question was involved. *Leseur v. Neal*, 53 Mo. 412; *State ex rel. v. Finn*, 98 Mo. 532.

The former action having been prematurely brought, the judgment therein is no bar to the present one. *White v. Shell*, 84 Mo. 561, and authorities there cited.

II. The defendants further object that the circuit court erred in its action in giving the relator's second, fourth, and sixth instructions, which are as follows:

"2. And if the jury find from the evidence that defendant, Francis, at the time he attempted to levy said writ of attachment upon said property of said Beck, on Sam McCracken's farm, did not see said prop-

erty but remained at, or near, said McCracken's house and the property was in the pasture about a quarter of a mile or more away and that he relied upon said Mc-Cracken for a description of said property, then he made no legal levy upon it, and his return to the writ of attachment, so far as relates to it, is illegal and false.''

"4.  The mere direction or request of relator, Wetzler, to defendant, Francis, to try to make arrangements with the parties who had charge of said property to keep the same for defendant so as to save expense, did not excuse said defendant from liability for failing to seize and take into his actual possession said property.''

"6.  If the jury believe from the evidence that said defendant failed to seize, levy upon, and take into his actual possession the property in the hands of the witness, Lynch, then the jury will take into consideration the value of that property in assessing damages, as well as the property in the farm of said McCracken.''

The evidence presented by the record fully supports every hypothesis of the foregoing instructions.  The conclusion which the court by these instructions directed the jury to deduce from the facts therein assumed is in accord with the well settled rules of law.

The word "levy" is required by the statute to be construed to mean actual seizure of property by the officer charged with the execution of the writ.  R. S., section 4918; *Douglas v. Orr*, 58 Mo. 573; *State v. Doan*, 39 Mo. 45.  The actual seizure of property is alone the basis of an attachment and the jurisdiction of the court.  The officer must, under the writ, take the property into actual custody and hold it until it is seized under execution after judgment.  When it is capable of manual delivery and he does not take it into possession, he acquires no special property therein.

He must assume dominion over it. He must not only have a view of it, but he must assert his title to it by such acts as, but for the writ, would make him liable as a trespasser. His custody must be such as to exclude that of the owner. Shinn on Attach. and Garn., sec. 207, and cases there cited. And the giving the bailee of property notice that it has been attached is not such taking of possession as will prevent the subsequent attachment of the same by other creditors. *Black v. Hatch*, 25 Vt. 555; *Russell v. Major*, 29 Mo. App. 167.

The defendant constable was directed to levy the writ on specific personal property, and this it indubitably appears he neglected to do. If he had made the levy as was his duty he was not precluded from afterward making some satisfactory arrangement with the bailees of the defendant for the care and custody of the property so levied upon. But the evidence does not in the least conduce to prove a levy. The return of the defendant constable that he had levied on the property therein described was false. The possession of the property by the bailees of the defendant was in no way disturbed or interfered with by any action of the defendant constable under his writ. He did no act that amounted to a levy. The property was still in the custody of defendant's bailees as such at the time it was seized by the other creditors. It was subject to no previous levy by the defendant constable. No error is perceived in the instructions just quoted.

III. The defendants make the further objection that at the time of the institution of the present action there was no valid judgment in the attachment suit. It is suggested that the justice's judgment in the attachment is void, for the notice required by section 596, Revised Statutes, was not given by the plaintiff in the attachment.

The docket entry of the justice recites, amongst

other things, that "it appearing to the justice from the return of the writ that property and effects of the defendant have been attached and that defendant has not been and can not be summoned and does not appear to this action, it is therefore ordered that the plaintiff give notice to the defendant by four written or printed notices set up at four public places in the county that the writ has been issued against him and his property attached to satisfy the demands of the plaintiff and that unless he appear, etc., before said justice at, etc., on, etc., judgment will be rendered against him, etc." This was a sufficient compliance with section 597, Revised Statutes.

The judgment further recites that "the cause coming on to be heard and plaintiff comes into court and defendant, although three times called comes not but makes default, and *defendant being duly notified, etc.*, it is therefore considered, etc." This last recital in the judgment was, we think, sufficient to show jurisdiction of the justice so far as it was essential to show that the publication notice had been given as required by section 597, Revised Statutes. The justice could not proceed to enter judgment until it appeared to his satisfaction in one of the ways provided in said section 597 that publication of notice had been made. He was authorized to determine the sufficiency of the proof. He was not required by the statute to spread upon his docket the evidence by which he ascertained that the notice to defendant had been given. He did find and state on his docket that the defendant was duly notified, etc. It was a judicial ascertainment that the requisite notice had been given. It is a well settled principle that where the jurisdiction of an inferior court depends upon a fact which that court is required to ascertain and settle by its decision, its decision is conclusive against collateral attack. *Lingo v. Burford*, 112 Mo.

149; *Leonard v. Sparks*, 117 Mo. 117; *Union Depot Co. v. Frederick*, 117 Mo. 150; *Crenshaw v. Snyder*, 117 Mo. 179; *Ziebold v. Foster*, 118 Mo. 349; *Merchant v. Bothwell*, 60 Mo. App. 341; *State v. Searcy*, 39 Mo. App. 393; *Riggins v. O'Brien*, 34 Mo. App. 613; *State v. Weatherby*, 45 Mo. App. 17; *State v. Mackin*, 51 Mo. App. 309.

IV.   It appears that after the constable's return of the writ, the sheriff, under another writ issuing from the circuit court levied on the property, taking the same into his actual possession and thereupon the attachment suit before the justice was, as appears by the transcript of the justice's docket, "continued and *indifferently* postponed." And it stood so continued until the controversy between the constable and the plaintiff in the attachment suit in the circuit court was determined adversely to the constable's claim when the justice, on motion of the relators, rendered a final judgment in the attachment suit pending before him.

It is contended that the proceeding by the justice in continuing the case as just stated operated as a discontinuance of the same.   This contention we do not think can be sustained.   Section 6260, Revised Statutes, authorized the continuance by the justice until the attachment suit in the circuit court was determined. But if the action of the justice was irregular, it is not perceived that any prejudice resulted to either party in consequence thereof.   And the statute, section 6299, expressly declares that no judgment shall be deemed invalid by reason of the default or negligence of the justice, etc.

V.   Nor can the contention that the writ issued for an amount in excess of the judgment of the justice be upheld.   The amount may always be shown by the

papers, or cause of action, on file with the justice. The note and account filed in the attachment suit before the justice was given in evidence and shows that the two amounted to $238.87, exclusive of interest. The justice was required to include both demands in the writ. Sections 6145, 590, Revised Statutes. *Sappington v. Long*, 53 Mo. App. 44. It is obvious that the amount stated in the writ was within the jurisdiction of the justice and that the judgment is impregnable.

No harmful error appearing to have been committed by the circuit court in the trial of the cause, the judgment should be affirmed and it is so ordered. All concur.