HENRY M. HOPKE, Respondent, v. JAMES T. LIND-
SAY et al., Appellants.

St. Louis Court of Appeals, January 30, 1900.

1. **Levy by Execution:** LIEN OF EXECUTION AGAINST PER-
SONAL PROPERTY. To affect personal property with a lien of
an execution, the officer must take that degree of manual possession
of the subject-matter of his levy which the nature of the property
renders practicable.

2. ———: ———: EVIDENCE OF SEIZURE OF PERSONAL PROP-
ERTY: OFFICER'S DUTY IN MAKING A LEVY. If personal
property can not be actually seized by the officer making the levy,
he must take what possession he can, and evidence his seizure by
posting notices on the property that it is levied upon, or by attach-
ing to it some other marks indicating the special property vested in
him by his levy.

3. ———: ———. A sheriff is precluded from the assertion of a
different title to goods seized under his execution than that shown
to have been acquired by his levy of process.

Appeal from the Pike Circuit Court.—*Hon. David H. Eby*,
Judge.

REVERSED.

*Ball & Sparrow* and *James W. Reynolds* for appellants.

(1) The execution in the hands of the sheriff was not a
lien on the property here in controversy prior to a valid levy
thereof. R. S. 1889, sec. 4922. It can not be claimed that
the statement of the sheriff to the constable that he had levied
on his property infused life and legality into his otherwise void
and illegal act. That is to say, if the attempted levy of the
deputy sheriff was void from its inception, his subsequent
statement to the constable would not make it legal or valid.

(2)   The levy was absolutely void, as there was no actual seizure, and taking into exclusive possession and control, as is required by law.   R. S. 1889, sec. 4918; Yedell v. Stemmons, 15 Mo. 443; Bilby v. Hartman, 29 Mo. App. 125; Sams v. Armstrong, 8 Mo. App. 573.

*J. D. Hostetter* for respondent.

(1)   The authorities cited by appellant are not applicable to the case at bar for the reason they apply exclusively to personal property, or property which is capable of being actually seized.    Manucaption is not necessary to a valid levy, where from the nature of the property it can not be reduced to actual physical possession, even though the property be conceded to be personal property.   Ponderous portable machinery, growing crops, etc., are examples of this character of property. Bilby v. Hartman, 29 Mo. App. 125. (2) The property in controversy being attached to the realty, and being stationary machinery in a flouring mill together with the track scales which carry with it the idea of permanency and actually attached to the realty, and not capable of being removed without injury to the property itself, and without diverting it from the use for which it was intended, was a part of the real estate, coming under the head of what is denominated as fixtures. The heater and scales are clearly fixtures and the levy by the sheriff on the lot itself, which is concededly valid, was also a levy upon the stationary machinery which included the heater and the track scales, one corner of which was shown to be upon the lot levied upon.   The pulleys which the evidence shows was all inside the building at the time the deputy sheriff made his levy, were part and parcel of the machinery to which was attached the belting and was necessary to be used in running the flouring mill and they also constituted fixtures.   13 Am. and Eng. Ency. of Law [2 Ed.], p. 663.

BOND, J.—This is a contest between a sheriff and a constable as to the validity of their respective levies of executions against a common debtor. The property claimed by each officer is "one pair of track scales, one iron heater and sixty-three pulleys." The process in the hands of the sheriff was upon a judgment of the circuit court; that in the hands of the constable was upon a justice's judgment. The return of the sheriff was made on the twenty-third of April, 1898, and shows a levy, first, upon lot 56, block 7, Louisiana, Missouri; secondly, upon certain chattels embracing those described above, which the return recites were on the lot. The levy of the constable was made about thirty days subsequent to that of the sheriff, and was in all respects legally sufficient, unless the prior levy by the sheriff charged the property in dispute with a lien which overrode the right of the constable to seize it in behalf of the process in his hands.

The only question, therefore, presented on this appeal by the constable from a judgment against him in the replevin suit brought by the sheriff for the recovery of the foregoing property, is as to the legal sufficiency of the levy made by the sheriff under the facts and circumstances which characterized it. The property in question was formerly used in connection with the operation of a flouring mill standing on said lot 56, block 7, which had been destroyed. This mill was destroyed by fire about two years before the levy, leaving the brick walls and foundation only standing, all the woodwork, doors, windows, etc., having been consumed. Since then no business has been conducted in the mill, and at the time of the levy by the sheriff it had lain idle for about two years in an exposed and unfastened state and contained such relics of the machinery and appurtenances as had not been removed from within the walls. At said time the pulleys or band wheels were wholly detached from the machinery of the mill, and were either lying loosely in a coal bin, or were scattered in and

outside of the walls of the building. The heater was still within the building and attached to blocks. The track scales were outside of the building and connected with a railroad switch; they were situated on stone foundations, which according to some of the testimony rested on a part of the mill lot and according to other testimony was beyond the mill lot. When the sheriff went to make his levy he merely looked at the property and made a list of it. He took no sort of possession, nor placed anyone in charge. Neither did he attach any notices or other insignia of his levy to any part of the chattels, nor did he fasten or secure the building in which any portion of them were contained. On the next day he advertised to sell, first, said lot 56, block 7, of Louisiana, Missouri; secondly, certain personal property, to wit, said heater, scales and pulleys. It is obvious that such acts do not constitute a valid levy of an execution on personal property. To effect personal property with a lien of an execution, the officer must take that degree of manual possession of the subject-matter of his levy which the nature of the property renders practicable. If it can not be actually seized, he must take what possession he can, and evidence his seizure by posting notices on the property that it is levied on, or by attaching to it some other marks indicating the special property vested in him by his levy. R. S. 1899, sec. 3174; Shanklin v. Francis, 67 Mo. App. 457; Douglass v. Orr, 58 Mo. 573. None of these rules were observed by the sheriff in his attempt to levy on the property which he has replevined in this case, hence his seizure was wholly nugatory, except as to what was acquired by virtue of his levy on the real estate described in his return. The learned counsel for respondent insists that since the levy on the lot of ground was valid, and inasmuch as the heater was affixed to the interior of the building, and the scales (according to some of the testimony) were embedded in a part of the lot, that

the sheriff, at least as to these two articles, can maintain replevin, irrespective of his right to recover the detached pulleys. Waiving for the discussion of this view whether the heater and scales were so far fixtures as to pass under an unrestricted levy upon the land whereon they were situated, it is sufficient to say that the sheriff's return expressly recites that he levied upon them as personal property after having made an independent levy upon the lot. This recital in the return excludes the possibility that his levy on the lot went beyond the ground and the structures thereon other than the heater and the scales. Again, when he advertised the property for sale, he likewise advertised the lot separately as real estate, and afterwards the aforesaid heater, scales and pulleys separately as personal property. Of course, neither his levy, nor the terms of his advertisement could change the legal nature of the property; but the language of his return is conclusive as to the extent to which he actually levied upon the land, and the language of his advertisement is equally conclusive of the method and limit of his proposed sale and conveyance of the property described in his return. No levy upon land can go beyond the express restrictions set forth in the return by which the act of the levying officer is evidenced, nor will his deed as sheriff convey a title which was not seized under execution, nor purported to be conveyed in the deed itself. We think, therefore, it is clear that the sheriff in this case did not acquire title to the heater and scales by virtue of his levy (in the manner shown by his return) of the execution in his hands upon said lot 56, block 7; and it is equally clear that if he had made sale of these two articles under his advertisement, they would have passed to the purchaser, if at all, as personal property. It follows that leaving out of consideration the real nature of the heater and the scales, whether they were fixtures to the freehold or not (St. Louis Radiator Mfg. Co. v. Carroll, 72 Mo. App. loc. cit. 319), as the sheriff levied upon them solely as personal property and expressly excluded

them from his levy upon the real estate, he can not in the face of that return set up title to them by virtue of his levy on the lot. In other words, the sheriff is precluded from the assertion of a different title to the goods seized under his execution than that shown to have been acquired by his levy of the process.

The judgment is therefore reversed. All concur; Judge *Biggs* in the result.